# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA L. MAGALLON,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. EDCV 10-01544-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On October 8, 2010, Maria L. Magallon ("Plaintiff" or "Claimant" or "Magallon") filed a complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer to the Complaint on April 7, 2011. On June 30, 2011, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

# BACKGROUND

Plaintiff Magallon is a 51 year old female who filed an application for Social Security Disability Insurance benefits on July 24, 2007, alleging disability beginning October 15, 2006. (AR 22.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 24.)

Plaintiff's claim was denied initially and on reconsideration. (AR 22.) Plaintiff filed a timely request for a hearing, which was held on March 24, 2010, in Orange, California, before Administrative Law Judge ("ALJ") Charles E. Stevenson. (AR 22-27.) Plaintiff appeared and testified with the assistance of a Spanish interpreter. (AR 22.) Vocational expert ("VE") Alan Ey also appeared at the hearing. (AR 22.) Plaintiff was not represented by counsel. (AR 22.)

The ALJ issued a decision denying benefits on April 16, 2010. (AR 22-27.) The Appeals Council denied Plaintiff's request for review on September 9, 2010. (AR 1-7.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, the issues Plaintiff raises as grounds for reversal and remand are as follows:

1. Whether the ALJ has properly considered the relevant medical evidence of record in this case.

2. Whether the ALJ has properly considered Plaintiff's subjective complaints and properly assessed Plaintiff's credibility.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson

v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d 1273, 1290 (9th Cir. 1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746.  If the impediment meets or equals one of the listed

impairments, the claimant is presumptively disabled. <u>Bowen v. Yuckert</u>, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 416.920(e). RFC is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. <u>Parra</u>, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. <u>Id.</u>

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 15, 2006, the alleged onset date. (AR 24.)

At step two, the ALJ found that Plaintiff has the medically determinable severe impairment of right shoulder impingement disorder. (AR 24.)

At step three, the ALJ determined that Claimant does not have an impairment that meets or medically equals the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. (AR 25.)

The ALJ then found that Plaintiff has the RFC to perform medium work generally, except that Claimant is precluded from more than occasional over the shoulder work with her right arm, and is precluded from climbing ladders or working at unprotected heights. (AR 25.) In determining Plaintiff's RFC, the ALJ made an adverse credibility finding. (AR 26.)

At step four, the ALJ found that Claimant is able to perform her past relevant work as an ice cream freezer assistant as generally performed. (AR 27.)

Hence, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 27.)

## DISCUSSION

Plaintiff challenges the ALJ's adverse credibility determination and the ALJ's consideration of the relevant medical evidence. On the latter argument, Plaintiff essentially challenges the ALJ's RFC because it did not consider all the limitations suggested by the State reviewing physicians and because it did not include limitations due to Plaintiff's alleged tremors.

The ALJ decision, however, is supported by substantial evidence and free of legal error. Plaintiff has not proven that she cannot perform her past relevant work as an ice cream freezer assistant.

**I.     THE ALJ'S ADVERSE CREDIBILITY DETERMINATION
        IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff alleges disabling pain due to a dislocated right shoulder. (AR 26.) She stated that she has pain in her right shoulder with repetitive movements and that her arm goes completely numb. (AR 26.) She alleges severe disorders of the neck, elbow, back, and hip, which the ALJ determined were not severe impairments. (AR 24-25.) She further alleges body tremors. (AR 45-47.) She also alleges that she cannot sit or stand long. (AR 50-51.)

The ALJ, however, made an adverse credibility determination as to Plaintiff's subjective pain symptoms. (AR 26.) The ALJ found that Plaintiff's medically determinable impairment of right shoulder impairment could reasonably be expected to produce her symptoms, but that Plaintiff's symptom statements were "not entirely credible" to the extent that they would preclude the ALJ's RFC. (AR 26.)

The ALJ's credibility determination is supported by substantial evidence and free of legal error.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B. Analysis**

In this case, the ALJ made no finding of malingering. Thus, the ALJ must present clear and convincing reasons supported by substantial evidence to reject Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Reddick, 157 F.3d at 722. The ALJ did so.

Because no medical opinion places any greater limitations on Claimant, the ALJ relied on the RFC opinions of State agency reviewing medical consultants. (AR 26.) Those opinions assess Claimant with a medium RFC with limitations to occasional over the shoulder work with the right upper extremity and from climbing ladders or working at heights. (AR 26.) The ALJ found that these limitations address Claimant's shoulder disorder. (AR 26.)

The ALJ rejected further restrictions as stated below:

> To the extent that the claimant would have any greater restrictions, such allegations are not consistent with her level of care, which according to the evidence has been conservative, to include medications. As to her response, the claimant has indicated that such modality relieves her pain (Ex 4E). Although the claimant has alleged a side effect from stomach irritation, the record indicates that this side effect is generally mild and does not significantly interfere with her ability to perform work activities to any significant degree. Her daily activities as described in the record are not limited to the degree as would be expected, given her complaints of disabling symptoms and limitations. The claimant has indicated that despite her shoulder pain, her activities include walking, cooking, shipping [*sic*], driving and doing household chores (Ex 4E).
>
> The claimant's other subjective complaints related to her back, hip and neck are unfounded as to existence or as to limiting functional effects.

Thus, based on the preponderance of the objective medical
					evidence, the claimant's course of treatment and response, her credibility,
					her activities, and the opinions of the state agency medical consultants
					which have been given significant weight for the reasons discussed
					above, the Administrative Law Judge finds the claimant has the residual
					functional capacity for medium work as described above.

(AR 26-27.)

The ALJ relies heavily on the objective medical evidence to establish Plaintiff's RFC limitations. The ALJ, of course, cannot discount Plaintiff's credibility <u>solely</u> on the basis of objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. Nonetheless, medical evidence may be considered as one factor in assessing credibility. Bunnell, 947 F.2d at 345 (ALJ may consider lack of objective medical evidence to corroborate Claimant's subjective symptoms so long as it is not the only reason for discounting Claimant's credibility); Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (same); Rollins v. Massanari, 261 F.3d at 857 (objective medical evidence may not be sole reason for discounting credibility but is nonetheless a legitimate and relevant factor to be considered in assessing credibility).

Here, the ALJ correctly considered the objective medical evidence along with other factors in discounting Plaintiff's credibility. The State agency physicians' RFCs plainly support the ALJ's RFC. No medical opinion placed greater restrictions on Plaintiff. (AR 26.) Thus, the lack of objective medical evidence to support greater limitations is a clear and convincing reason supported by substantial evidence for discounting Plaintiff's credibility.

The ALJ also gave as a reason to discount Plaintiff's credibility her conservative care of medications and her positive response. (AR 27.) An ALJ may discount a claimant's subjective pain testimony based on conservative treatment. Parra, 481 F.3d at 750-51; Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995). Here, Plaintiff received no significant treatment for her shoulder condition apart from physical therapy. (AR 26.) Her

care consisted primarily of medications which brought her significant relief. (AR 27.) Her Pain Questionnaire indicates that Plaintiff takes Naproxen three times a day, which each time gives relief within 30 minutes and lasts three hours. (AR 241.) Conservative treatment coupled with positive response to medication are clear and convincing reasons supported by substantial evidence for discounting Plaintiff's claims of disabling pain. Plaintiff does not address the ALJ's finding of conservative treatment and positive response to medication.

The ALJ found that Claimant's alleged back hip and neck disorders were non-severe, unsupported by medical findings and not expected to cause any significant functional limitations. (AR 24-25.) The ALJ further found that Claimant's subjective complaints of pain related to her back, hip and neck "are unfounded as to existence or as to limiting functional effects." (AR 26.) Plaintiff does not contest these findings. The Court infers from these findings that the ALJ believed Plaintiff was exaggerating her symptoms. The ALJ was entitled to rely on the lack of objective medical evidence of back, hip and neck disorders to discount Plaintiff's credibility because there is no impairment that reasonably could be expected to produce the alleged back, hip and neck pain symptoms.

The ALJ also found that Plaintiff's daily activities "are not limited to the degree as would be expected, given her complaints of disabling symptoms and limitations." (AR 27.) Specifically, the ALJ found that "claimant has indicated that despite her shoulder pain, her activities include walking, cooking, sh[o]pping, driving and doing household chores." (AR 27.) An ALJ may properly discount a claimant's credibility if her daily activities are inconsistent with her alleged subjective symptoms. Orn, 495 F.3d at 639; Burch, 400 F.3d at 680-81.

Plaintiff complains that the ALJ's finding of inconsistent daily activities is one-sided and fails to discuss other evidence contrary to the ALJ's finding. Plaintiff, for example, states that she often stops performing daily activities because of pain and needs assistance with chores. (AR 243.) There is some merit to Plaintiff's criticism.

Plaintiff, however, overstates the evidence. On the Pain Questionnaire, when asked how often she must stop an activity because of pain, Plaintiff's answer was, "Around 4-5 times a day I am required to halt my activities because of the pain." (AR 243.) Those episodes do not sound like a major burden on or interruption in daily activities.

Also, Plaintiff argues that her daily activities have been impaired by tremors, which are worsening. (AR 47-48.) Plaintiff observes that the ALJ failed to mention this condition but, as will be discussed in the next section of this opinion, there is no objective medical evidence or clinical findings presented before or after the March 24, 2010, hearing to support the existence of a tremor impairment that reasonably could produce the alleged symptoms. Plaintiff also testified inconsistently about when the alleged tremors began. (AR 47, 260.) There is insufficient evidence of a tremor impairment to have any bearing on the ALJ's daily activities findings.

The ALJ's inconsistent daily activities finding was based on Plaintiff's statement in the Pain Questionnaire that, notwithstanding some pain, her usual daily activities include walking, cooking, shopping, driving, and household chores. (AR 242.) Although the ALJ should have presented a more balanced analysis of Plaintiff's daily activities, there is some evidence to support the ALJ's finding and Plaintiff's contrary evidence is not very strong. An ALJ's credibility finding should not be disturbed on contradictory evidence. Johnson, 60 F.3d at 1434; Allen v. Heckler, 749 F.2d 577, 580 (9th Cir. 1984). Any error would be harmless in any event because the other factors described (objective medical evidence, conservative treatment, no medical evidence of back, hip and neck disorders) are sufficient to discount Plaintiff's credibility and thus inconsequential to the non-disability determination. Carmickle v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008).

Plaintiff, finally, complains that the ALJ failed to consider Plaintiff's limited sitting and standing capabilities in assessing her credibility. This argument is utterly without merit. At the hearing, when asked if Plaintiff could do her work, the VE identified the jobs of assembler of small products and hand packager. (AR 50.) Plaintiff then stated she could not perform those jobs because she can't stand or sit too long. (AR 51.) Plaintiff overstates the evidence

again. In her Pain Questionnaire, Plaintiff stated that she could stand one hour at a time and sit for two hours at a time. (AR 243.) There was no objective medical evidence to suggest that Plaintiff's claimed sit/stand limitations reasonably would derive from her right shoulder disorder. Her claimed limitations, moreover, conflict with the State reviewing physicians' RFCs which specify she can sit or stand for six hours in an eight hour day. (AR 267, 277.)

The ALJ considered appropriate factors in assessing Plaintiff's subjective symptoms. Credibility determinations are the province of the ALJ. Russell v. Bowen, 856 F.2d 81, 83 (9th Cir. 1988). Where, as here, the ALJ offered specific, clear and convincing reasons for discounting Plaintiff's subjective pain testimony, and substantial evidence in the record supports those findings, the ALJ's decision must be upheld. Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

## II. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff's next argument is that the ALJ failed to consider a State agency reviewing physician's limitation to frequent reaching or Plaintiff's alleged tremors. Essentially, Plaintiff is alleging that the ALJ's RFC is deficient because it does not reflect these limitations. The ALJ's questions to the VE also do not include these limitations.

Plaintiff's arguments are meritless. The ALJ properly considered the medical evidence. The ALJ's RFC is supported by substantial evidence, and any failure to include a frequent reaching limitation is entirely harmless. There was no need to include a tremor limitation in the RFC or discuss Plaintiff's tremors because there is no medical evidence at all to support their existence.

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

### A. The Frequent Reaching Limitation

Two State reviewing physicians provided physical RFC assessments. (AR 266-72; 276-81.) Dr. M. Sohn opined that Plaintiff was limited in reaching to frequently at or below shoulder level with the right arm, occasionally above shoulder level with the right arm, and

occasionally overhead with the right arm. (AR 268.) Dr. Gilpeer opined that overhead reaching with the right upper extremity is limited to occasionally. (AR 279.)

The ALJ's RFC precludes Plaintiff from "more than occasional over the shoulder work with her right arm." (AR 25.) The ALJ also stated that this limitation addresses Plaintiff's shoulder disorder. (AR 26.) The ALJ obviously did not believe additional limitations were necessary to accommodate Plaintiff's shoulder disorder.

Plaintiff complains that the ALJ disregarded Dr. Sohn's frequent reaching limitation without comment and never posed a hypothetical question to the VE that included it. There was no need to do so. The job description in the Dictionary of Occupational Titles ("DICOT") for an ice cream freezer assistant includes a requirement of frequent reaching 1/3 to 2/3 of the time. DICOT 529.685-146, 1991 WL 674681 (G.P.O.). Typically, the best source of how a job is generally performed in the national economy is DICOT. Pinto, 249 F.3d at 845. DICOT raises a rebuttal presumption as to job classification requirements. Johnson, 60 F.3d at 1434.

Thus, a frequent reaching limitation would not result in any conflict with DICOT or preclude Plaintiff's past work as an ice cream freezer assistant. Plaintiff's assertions that a frequent reaching limitation would preclude Plaintiff's past work and that its impact on past work is unclear are simply wrong. The VE, moreover, referred to and relied on the DICOT job description (AR 49) and presumably was aware of the frequent reaching limitation. The VE was not asked if there was a conflict with DICOT but such an omission is considered harmless when no actual conflict exists, as is true here. Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).

The failure to include a frequent reaching limitation in the RFC was harmless error inconsequential to the nondisability determination. Carmickle, 533 F.3d at 1162.

**B.    The Alleged Tremors**

Plaintiff alleges that the ALJ failed to acknowledge or even mention her tremors, or include any limitation in the RFC for her tremors or incorporate the tremors in the hypothetical questions posed to the VE. Plaintiff also asserts that the ALJ had a duty to

12

develop the record on the tremor impairment and failed to do so. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (ALJ has a special independent duty to develop the record fully and fairly); Smolen, 80 F.3d at 1288 (ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry).

Plaintiff's tremor arguments have no merit. There is no objective medical evidence or clinical proof that a tremor impairment exists. Plaintiff's credibility, which has been discounted, also weighs against her. Plaintiff had the burden to prove that she cannot do her past work as an ice cream freezer assistant and she failed to meet that burden.

Plaintiff alleges disability beginning October 15, 2006. (AR 199.) There is no mention of tremors in her application or in her medical records through 2009 (AR 228-344), including her May 2, 2007, Pain Questionnaire (AR 241-43) and a June 2007 report of physical examination. (AR 290.) Plaintiff has claimed inconsistently that the tremors began six or seven years ago (AR 47) or in September 2007. (AR 260.) The first appearance of alleged tremors in the medical records, however, did not occur until September 2009, when a MRI was requested; this request was not approved until April 10, 2010. (AR 325.) At the time of the March 24, 2010, hearing, then, no objective evidence or clinical proof had ever been submitted to establish the existence of any tremor impairment. Plaintiff testified to her tremors at the March 24, 2010, hearing, but no medical evidence of impairment was presented that reasonably could be expected to result in the claimed symptoms.

Thus, at the time of the hearing, the record was neither ambiguous nor inadequate so as to trigger the ALJ's duty to develop the record further. The ALJ reasonably determined that there was no basis for greater restrictions than those given in the RFC. The ALJ was not obliged to include limitations in his hypothetical questions to the VE for which there was no evidence. Rollins, 261 F.3d at 857; Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001); Thomas, 278 F.3d at 959-60. The ALJ was not required to discuss every piece of evidence. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003); see also Black v. Apfel,

143 F.3d 383, 386 (8th Cir. 1998) (failure to cite specific evidence does not mean that such evidence was not considered).

After the hearing, Plaintiff's counsel submitted new records to the Appeals Council indicating that her treating physician had given a diagnosis for tremors. (AR 334-35.) Thus, the issue is presented of whether the Appeals Council should have remanded to develop the record further. The new treatment records, however, are based on Plaintiff's self-reported symptoms. They do not contain any objective clinical evidence to establish an impairment or loss of functionality; there is only a conclusory diagnosis. An ALJ may reject a physician's opinion that is conclusory, lacks clinical findings, and is based on a claimant's subjective symptoms. Batson v. Comm'r, 359 F.3d 1190, 1195 (9th Cir. 2004) (treating physician opinion discounted because it lacked objective evidence and was based on claimant's subjective complaints); Thomas v. Barnhart, 278 F.3d at 958 ("The ALJ need not accept the opinion of any physician, even a treating physician if that opinion is brief, conclusory and inadequately supported by clinical findings"); Tonapetyan, 242 F.3d at 1149 (same).

Plaintiff had the burden to present evidence of an impairment which could be expected to produce the claimed symptoms and prevent her performing her past work. She failed to do so. Plaintiff devotes but a paragraph to the tremor issue in her Joint Statement (5-6) and presents no clinical findings or medical evidence of any impairment and no evidence of any treatment or medication being prescribed. She cannot shift her burden to the Commissioner. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). The Appeals Council reasonably found that the additional evidence did not provide a basis for changing the ALJ's decision. (AR 1-2.)

The ALJ's and Appeals Council's nondisability determination, therefore, must be upheld. It is supported by substantial evidence and free of legal error.

*///*

*///*

*///*

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and that this action is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 15, 2011 

            */s/ John E. McDermott*
            JOHN E. MCDERMOTT
            UNITED STATES MAGISTRATE JUDGE